206 So.2d 374

Charles Edward CARROLL

v.

STATE of Alabama.

7 Div. 764.

Supreme Court of Alabama.

Jan. 11, 1968.

**572**

Charles E. Carroll, pro se.

MacDonald Gallion, Atty. Gen., and Lucian L. Smith, Jr., Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is a petition for writ of error coram nobis filed by Charles Edward Carroll in the Circuit Court of Talladega County to set aside the judgment of that court rendered on May 16, 1966, adjudging him guilty of murder in the first degree and sentencing him to life imprisonment. The Circuit Court of Talladega County after a hearing on the petition entered a judgment denying the same. The present appeal is from that judgment.

The appellant Charles Edward Carroll was indicted for murder in the first degree after the death of one Alvin Mitchell from wounds inflicted by gunshot. Subsequent to the indictment the appellant retained the services of an attorney, Mr. James Hubbard, of Anniston, Alabama. When the case came on for trial, pleas of not guilty and not guilty by reason of insanity, which had previously been entered, were withdrawn and the appellant through his attorney entered a plea of guilty of murder in the first degree. His punishment was fixed at life imprisonment. The appellant was apprised of his right to appeal from the judgment, by his attorney and by the court. The appellant did not appeal from that judgment.

Following his conviction and sentence, the appellant was remanded to custody and was transported to Draper Prison to begin serving his sentence.

From Draper the appellant presented to the Circuit Court of Talladega County his petition for writ of error coram nobis and requested that the court appoint an attorney to represent him on the petition. The court complied with the request.

We have before us the record of the proceedings held on the petition in the court below. Although the court appointed at the request of appellant an attorney to represent him in said proceedings, the appellant conducted the proceedings himself and refused to allow the court-appointed attorney to examine witnesses or otherwise assist him in the proceedings. He, like Mr. Hubbard, was discharged by appellant.

The gist of the petition as we see it— here again the appellant is proceeding pro se—is this:

Appellant contends that the attorney which he retained to represent him at the original trial rendered inadequate representation, that the arresting officers arrested him without a warrant, and that he was illegally arrested.

The trial court found that the petition for writ of error coram nobis was not well taken. We agree.

In the first place, we are unable to find in the record any evidence to support the contention that the officers making the arrest were not warranted in doing so under Title 15, § 154. There is abundant evidence in the record before us to support the conclusion that the arresting officers had reasonable cause to believe that Carroll had committed a felony. Boulden v. State, 278 Ala. 437, 179 So.2d 20. There is evidence of an argument between the appellant and the deceased, evidence that following the argument the appellant left the scene, shortly thereafter returned and shot the deceased in the back in the presence of

witnesses. Further, the officers after learning the circumstances, went to the home of the appellant and were voluntarily admitted. We are clear to the conclusion that the arrest was lawful.

 Further, on the contention that appellant did not have adequate counsel to represent him, we are in complete agreement with the trial court in concluding to the contrary. The evidence is that Mr. Hubbard was hired to represent the appellant; that he did an admirable job, and that no constitutional right of appellant has been violated in any particular.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.